UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SCOTT J. BEVENS, | ) No. CV 05-8289 FFM |
| Plaintiff, | ) ) MEMORANDUM DECISION AND ) ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income Disability Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on December 8, 2005, the parties filed a joint stipulation detailing each party's arguments and authorities on August 24, 2006. The Court has reviewed the administrative record, filed by defendant on June 9, 2006, and the joint stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

/ / /

/ / /

## PROCEDURAL HISTORY

On April 16, 2003, plaintiff filed an application for supplemental security income payments. Plaintiff alleged a disability onset of June 1, 2002. Plaintiff's claim was denied initially and on reconsideration. Plaintiff timely requested a hearing by an administrative law judge ("ALJ"). ALJ Sherwin F. Biesman held a hearing on June 14, 2004. Plaintiff appeared with counsel and testified at the hearing.

On September 3, 2004, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council. Plaintiff submitted additional evidence to the Appeals Council in connection with his request for review. Concluding that the additional evidence did not change the weight of the evidence, the Appeals Council denied the request for review on September 25, 2005. Plaintiff commenced the instant action on November 30, 2005.

## CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the Commissioner properly assessed the objective and opinion evidence concerning Scott Bevens; and
2. Whether the Commissioner properly considered the testimony of Scott Bevens.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986).  Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

The ALJ's decision reviewed the opinions of internist Seung Ha Lim, M.D. (consultative examiner), Rosa Colonna, Ph.D. (consultative examiner), a State Agency medical consultant (consultative examiner), and Harold Mills, M.D. (a cardiologist who testified at the hearing at the request of the ALJ).  Both Dr. Lim and the State Agency medical consultant concluded that plaintiff was capable of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently.  Dr. Lim opined that plaintiff was capable of standing and/or walking for 4 hours.  Both Dr. Lim and the State Agency medical consultant opined that plaintiff could sit at least 6 hours in an 8 hour day.

Dr. Colonna concluded that plaintiff's cognitive ability was in the low average range.  However, she opined that plaintiff would be able to understand, remember, and carry out short, simple and detailed instructions without difficulty.  She also opined that plaintiff could interact socially and get along with supervisors, co-workers and peers.

The medical evidence is not disputed.  The only issues presented here relate to the adequacy of tests performed by Dr. Colonna, the credibility of plaintiff's testimony, and the opinion of Dr. Mills that plaintiff can perform sedentary work.  After reviewing the ALJ's decision and the administrative record, the Court concludes that the ALJ's findings are supported by the record as of the hearing. With respect to Dr. Colonna, nothing in the record supports plaintiff's claim that the tests she ran were

///

inadequate. She conducted a mental status examination and a psychological test. Her conclusions were based on the tests she performed.

Moreover, the ALJ provided adequate reasons for rejecting plaintiff's testimony regarding his physical limitations. The ALJ found that no treating source had diagnosed plaintiff with any functionally restrictive physical or mental impairment that corroborated plaintiff's alleged incapacities.

Finally the ALJ's conclusion that plaintiff is capable of sedentary work is supported by Dr. Mills's testimony.

The only remaining issue is whether the additional evidence provided to the Appeals Council nonetheless requires a remand. The Court concludes that it does.

Dr. Mills reviewed all of plaintiff's medical records, but relied extensively on the records of plaintiff's treating cardiologist, Dr. Ichiuji. Based on the medical records, Dr. Mills concluded that plaintiff's heart condition was the biggest concern.[1] In assessing plaintiff's physical limitations, Dr. Mills relied on Dr. Ichiuji's note reflecting Dr. Ichiuji's opinion that plaintiff's symptoms were consistent with New York Heart Association Functional Class III. Dr. Mills interpreted that classification to mean that "mild to moderate activity would cause [plaintiff] to be symptomatic." Based on Dr. Ichiuji's note, Dr. Mills found that plaintiff was capable of sedentary work. AR 481.

After the ALJ denied plaintiff's claim, plaintiff provided the Appeals Council with a Cardiac Residual Functional Capacity Questionnaire. In that questionnaire, Dr. Ichiuji described more thoroughly her opinion as to plaintiff's functional limitations. This description reveals that Dr. Ichiuji's interpretation of NYHA Functional Class III differed from that of Dr. Mills. Specifically, Dr. Ichiuji opined that plaintiff could sit,

---

[1] Dr. Mills noted that plaintiff has "what is apparently an infiltrative cardiomyopathy. He has left ventricular hypertrophy, both by echo-cardiogram and by electro-cardiogram. And his echos have repeatedly shown a so-called sparkling pattern, which is . . . characteristic of an infiltrative cardiomyopathy." AR 480.

4

stand or walk for less than two hours in an eight hour working day. Dr. Ichiuji also opined that plaintiff could never lift and carry less than 10 pounds in a competitive work situation. Finally, Dr. Ichiuji opined that plaintiff would likely be absent from work more than 3 times a month as a result of his impairments.

The Appeals Council reviewed the additional evidence supplied by plaintiff and denied review. In finding that the new evidence did not provide a basis for changing the ALJ's decision, the Appeals Council stated:

> Your representative submitted additional evidence consisting of Cardiac Residual Functional Capacity Questionnaire completed by Anne Ichiuji, M.D. of ValleyCare Mid-Valley Comprehensive Health Center. Dr. Harry Mills, a cardiologist, carefully reviewed the entire medical record and testified that you could perform sedentary work. Dr. Ichiuji has not provided any additional records to refute Dr. Mills' opinion. Moreover, while a thallium scan performed on February 18, 2003 showed an ejection fraction of 41%, an echocardiogram performed some five months later on July 24, 2003 indicated significant improvement in your cardiac status in that your ejection fraction had improved to 65%.

Where as here, the plaintiff submits evidence after the ALJ's decision, and the Appeals Council specifically considers that evidence, the record for review includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1419, 1451-52 (9th Cir. 1993); 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence). If the new evidence is material, the court must remand the case to the ALJ for reconsideration. *See Booz v. Secretary of Health and Human Scrv.*, 734 F.2d 1378, 1380 (9th Cir. 1984). The new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.*

///
///

5

Here, the new evidence demonstrated the treating physician's opinion as to plaintiff's limitations.[2] Dr. Mills's opinion, which the ALJ relied upon, was based on his misunderstanding of Dr. Ichiuji's reference to New York Heart Association Functional Class III. Although Dr. Mills interpreted this limitation to be consistent with sedentary work, the new evidence demonstrated that Dr. Ichiuji actually considered that category to preclude even sedentary work activity. It is entirely possible that Dr. Mills would have reached a different conclusion had he not been mistaken as to Dr. Ichiuji's opinion of plaintiff's limitations.

Moreover, although the ALJ concluded that plaintiff's testimony as to his limitations was not supported by any medical findings, that testimony is consistent with Dr. Ichiuji's clarification as to her opinion of plaintiff's limitations. Hence, the ALJ may well have found plaintiff credible had he known of Dr. Ichiuji's conclusion.

Therefore, the Court concludes that the new evidence presented to the Appeals Council created a "reasonable possibility" of changing the outcome of the ALJ's determination and is material.

---

[2] The Court notes that the reference by the Appeals Council to the ejection fraction does not provide a basis for discounting Dr. Ichiuji's conclusion. Specifically, the record demonstrates that on February 18, 2003 plaintiff showed an ejection fraction of 70%. AR 367. On March 18, 2003, plaintiff exhibited an ejection fraction of 41%. AR 280. On July 3, 2003, plaintiff's ejection fraction was 70%. AR 325. Less than a month later, on July 24, 2003, plaintiff's ejection fraction was 65%. AR 115. Thus, plaintiff's ejection fraction would not have played a significant role in plaintiff's evaluation. In this regard, Dr. Mills testified at the hearing that plaintiff "has a normal ejection fraction." AR 480.

1  For the foregoing reasons, the judgment of the Commissioner is reversed and the
2  matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for a rehearing as to
3  plaintiff's residual functional capacity based on his cardiac condition.
4  IT IS SO ORDERED.

6  DATED: April 18, 2007                         /S/ Frederick F. Mumm
7                                                FREDERICK F. MUMM
                                                 United States Magistrate Judge