UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| SCOTT BEVENS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>  Defendant. | Case No. CV 05-8289 FFM<br><br>ORDER AWARDING ATTORNEY<br>FEES PURSUANT TO 42 U.S.C. §406(b) |

**I. INTRODUCTION**

On April 16, 2003, plaintiff filed an application for supplemental security income payments. Plaintiff's application was denied. On November 30, 2005 plaintiff commenced the instant action seeking reversal of the Administrative Law Judge's decision denying benefits. On April 18, 2007, the Court issued a Memorandum Decision and Order remanding the matter pursuant to Sentence 4 of 42 U.S.C. § 405(g) for a rehearing.

After remand, the Social Security Administration awarded Plaintiff $46,508.00 in back benefits. Now pending before the Court is the petition of Plaintiff's counsel, Lawrence D. Rohlfing, for attorney fees in the amount of $6,000 for his representation of Plaintiff in this matter.

///

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested fee must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). After careful consideration, the Court finds in this case that $6,000.00 for 21.5 hours of work by Plaintiff's counsel and 7.1 hours of paralegal work is "reasonable."

## II.  DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they

/ / /
/ / /

     provide for fees exceeding 25 percent of the past-due benefits. . . .
     Within the 25 percent boundary, . . . the attorney for the successful
     claimant must show that the fee sought is reasonable for the services
     rendered.

535 U.S. at 807 (footnotes omitted).

     In determining whether the $6,000 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors. Several of these factors fall in favor of Plaintiff's counsel.

     First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $6,000.00 award would be within the agreed upon amount.[1] The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

     Second, the $6,000.00 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit. Indeed, as stated, the fees sought comport with the terms of the contingent fee agreement between Plaintiff and counsel and are within the statutory limit.

     Third, there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court.

---

[1] Plaintiff has applied for a $7,000 award pursuant to § 406(a), but has agreed to amend that application to ensure that the total award pursuant to § 406(a) and § 406(b) does not exceed the 25% statutory limit.

### III.  CONCLUSION

Based upon the foregoing considerations, the Court finds and concludes that the $6,000 in fees sought by Plaintiff's counsel is reasonable.  The petition for $6,000.00 in gross attorney fees pursuant to 42 U.S.C. §406(b) is **GRANTED**.  Upon payment by the Commissioner of $6,000 out of the withheld back benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $4,219.93 (which Defendant has already paid to Plaintiff's counsel).

**IT IS SO ORDERED.**

DATED:  April 9, 2008                    /S/ FREDERICK F. MUMM
                                         FREDERICK F. MUMM
                                         United States Magistrate Judge